SANFORD ET AL.
*vs.*
PYNE ET AL.

SANFORD ET AL. *vs.* PYNE ET AL.

APPEAL FROM THE PARISH COURT, FOR THE PARISH AND CITY OF NEW-ORLEANS.

The agent of the creditor must swear to the indebtedness of the defendant from his personal and direct knowledge, to obtain an order of arrest, and not from what he may have heard from any other person whatever.

EASTERN DIST. *April,* 1839.

SANFORD ET AL. *vs.* PYNE ET AL.

In this case an appeal was taken from an order of the judge *a quo,* setting aside an order of arrest.

This is an action to recover the sum of seven hundred and forty-three dollars, with interest due to the plaintiffs, who, together with the defendants, reside in the state of Alabama.

One of the defendants was arrested and held to bail on the following affidavit :

" W. M. Goodrich, agent of the plaintiffs, being sworn, deposes that Pyne, one of the commercial firm of Pyne and Huntington, is justly indebted to said plaintiffs, in the sum of seven hundred and forty-three dollars, which is now due and payable ; that deponent verily believes that said Pyne is about to remove from the state, without leaving in it sufficient property to satisfy this demand," &c.

On the 28th of December, 1837, a rule was taken on the plaintiff to show cause why the order of arrest should not be set aside, on the ground that the affidavit is insufficient, and that the agent was not authorized to make the affidavit on which the writ of arrest issued.

On the 18th December, a judgment by default was taken, and confirmed and made final on the 23d, and signed on the 3d of January following. On the 27th December, the plaintiffs filed a supplemental petition, praying for an attachment. The counsel for the defendant, Pyne, put in his answer the 6th January afterwards. On the same day, the rule was tried, and it was ordered, that the writ of arrest be maintained. A like proceeding was had on the attachment. A second rule was taken for a new trial, and the cause was opened. On the second trial, evidence was taken to show that the agent had no knowledge of his own of the indebtedness of the defendants.

Goodrich, the agent, was called as a witness, and stated that he derived all his knowledge of the debt sued on from a gentleman by the name of Henry, and in a letter from the plaintiff, and also in a conversation with one of the plaintiffs, but he does not know the signature of the defendants, and never saw either of them.

On hearing the parties, the parish judge ordered the writ of arrest to be set aside, and the plaintiffs appealed.

*I. W. Smith,* for the plaintiffs and appellants, contended :
1. The order of arrest was improperly set aside. The affidavit contains all the facts required by the Code of Practice, articles 214, 215. The want of knowlege in the agent is not one of the facts which can be put at issue in this summary way ; it must be pleaded in abatement. *Ibid.,* 218. 1 *Martin's Digest,* 478, 480. 2 *Martin's Reports,* 243. *Ibid.,* 246.

2. The bill of exceptions was well taken. The insufficiency of the affidavit alleged in the first rule was not limited to matter apparent on the face of the affidavit. The judgment declares the affidavit sufficient. The second rule rests on a special ground of insufficiency of the same affidavit. The first judgment operated *res judicata* against the second rule. The two judgments are opposed to each other. 1 *Starkie on Evidence, page* 197.

3. In deciding upon the second rule, the Parish Court disregarded the last clause of the 215th article of the Code of Practice. It is sufficient that the agent derived his knowledge from other sources than the plaintiffs. The affiant could not disprove his own affidavit. The facts set out in the affidavit formed part of the petition of the plaintiffs. The judgment by default had not been set aside. The signature of the defendants to the notes sued on had been proved. Judgment had been confirmed against them before the second rule was taken. *Code of Practice,* 360.

*Chinn,* for the defendants, insisted, that the affidavit was insufficient to arrest the defendant. The agent who made it swears that he knew nothing of the indebtedness, of his own direct or personal knowledge He had heard it from the plaintiffs and others.

*Rost, J.,* delivered the opinion of the court.

This is an appeal from a judgment of the Parish Court, discharging the order of arrest previously given in the suit.

That order was obtained on the affidavit of the plaintiffs' agent, who swore to the indebtedness of the defendants, and

EASTERN DIST.
*April*, 1839.

that he verily believed that Pyne, one of them, was about to remove from the state, without leaving in it sufficient property to satisfy the plaintiffs' claim.

Upon the motion to set aside the order of arrest, the agent, called in as a witness, declared on oath, that he was informed of the facts to which he swore, by a Mr. Henry, a friend of the plaintiffs, in whom he had great confidence, and that he did receive one or two letters from the plaintiff on the subject ; but he stated that he did not know the signatures of the defendants, and had no other knowledge of the debt. The Parish Court properly discharged the order of bail ; the agent must swear to the debt, from his personal and direct knowledge of its being due, and not by what he may know or have learned from the creditor he represents. *Code of Practice, article* 215.

It is, therefore, ordered, adjudged and decreed, that the judgment of the Parish Court be affirmed, with costs.